# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | MISC. NO. TMD-21-0208 |
| BLAINE KLUGE, | * | |
| Defendant. | * | |

## GOVERNMENT'S MOTION FOR PROTECTIVE ORDER
## REGARDING DISCLOSURE OF DISCOVERY MATERIALS

The United States of America, by and through undersigned counsel, respectfully moves the Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, for a Protective Order restricting copying and dissemination of materials disclosed related to law enforcement procedures, policies, and records. A proposed Protective Order is attached. In support of this motion, the government states as follows:

1. The defendant is charged with possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). As part of discovery, the government has produced reports related to the examination of the unregistered firearm (specifically, a silencer) by individuals at the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"). These reports reference certain standard operating procedures (SOPs) applicable to examination of firearms. Certain policies and procedures are considered by government agencies to be non-public information. Even so, the government intends to make such materials available in accordance with its discovery obligations under Federal Rule of Criminal Procedure 16.

2. To balance the government's desire to make the materials available with maintaining confidentiality and non-public nature of the SOPs, the government is seeking a Protective Order for the materials.

1

3. Rule 16(d)(1) of the Federal Rules of Criminal Procedure states that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The government hereby moves, pursuant to Rule 16(d)(1), for a Protective Order that (a) restricts defense counsel from making additional copies of the SOPs, (b) restricts defense counsel from disseminating the SOPs or information relating to those records, and (c) requires defense counsel to maintain the SOPs and/or SOP-related information consistently with the provisions of the Order, including paragraph 6 of the Order.

4. Nothing in the Proposed Order, either by its submission or by defense counsel's agreement to it, constitutes an admission by either party as to the admissibility of such records. In the event defense counsel does seek to use information contained in the SOPs in Court, the government may file a motion seeking to preclude such use. The Court can then determine whether any disclosure of information is appropriate.

5. Any inconvenience caused by the restrictions in the Protective Order is outweighed by the risks presented by the free dissemination of the SOPs or related information. Placing restrictions on the copying and dissemination of the SOPs or information appropriately balances the defendant's interest in access to information related to the allegations in this case with the confidentiality and non-public nature of the records.

WHEREFORE, the government respectfully requests that this Court, pursuant to Rule 16(d)(1) of Federal Rules of Criminal Procedure, grant the government's Motion for a Protective Order as specified above and enter the proposed Protective Order, attached hereto.

Respectfully Submitted,

Jonathan F. Lenzner
Acting United States Attorney

By: \_\_\_\_/s/_____
Charles Austin
Zachary Stendig
Assistant United States Attorneys

36 S. Charles Street, Fourth Floor
Baltimore, Maryland 21201
410-209-4800