**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
TOWER II, 9th FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND  21201-2705
TEL:  (410) 962-3962
FAX:  (410) 962-0872

JAMES WYDA
FEDERAL PUBLIC DEFENDER

MAGGIE GRACE
ASSISTANT FEDERAL PUBLIC DEFENDER

March 7, 2022

*Via CM/ECF*

The Honorable Richard D. Bennett
United States District Judge
United States Courthouse
101 W. Lombard Street
Baltimore, MD 21210

      Re:    <u>United States v. Blaine Kluge</u>, Criminal No. RDB-22-042

Dear Judge Bennett:

Blaine Kluge is to enter a guilty plea on March 15, 2022 to the single count of an information alleging possession of an unregistered firearm (a silencer) in violation of 26 U.S.C. § 5861(d).  The parties have entered into an agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) that Mr. Kluge should be sentenced to a year and a day imprisonment (imposed concurrent to a state sentence) with the first 9 months of supervised release to be served on home detention.  The parties request that the Court sentence Mr. Kluge on March 15.

## Introduction

The Court is required in this case, as in all others, to impose a sentence that is "sufficient, but not greater than necessary" to accomplish the statutory purposes of sentencing, which are punishment, specific deterrence, general deterrence, and rehabilitation.  18 U.S.C. § 3553(a).  In determining the appropriate sentence, the Court is directed to consider a variety of factors, including the nature and circumstances of the offense, the history and characteristics of the offender, the purposes of sentencing, the types of sentences available, and the recommendation of the U.S. Sentencing Guidelines, among others.  <u>Id.</u>

## The Guidelines

The parties agree that the U.S. Sentencing Guidelines are 21-27 months' imprisonment, corresponding to an adjusted offense level of 15 and Criminal History Category II.  PSR ¶ 57.  The parties have stipulated that the base offense level is 18 pursuant to U.S.S.G. § 2K2.1(a)(5).  Plea Agreement ¶ 6(a).  Mr. Kluge will receive a two-level reduction for acceptance of responsibility,

United States v. Blaine Kluge, Criminal No. RDB-22-042
March 7, 2022 Letter to Judge Bennett
Page 2 of 4

and I anticipate the government will move for an additional one-level reduction under U.S.S.G. § 3E1.1(b).  Id. ¶ 6(b).

## The Appropriate Sentence Under 18 U.S.C. § 3553(a)

The requested sentence is appropriate for all of the reasons in 18 U.S.C. § 3553(a), but particularly, given the nature and circumstances of the offense, Mr. Kluge's history and characteristics, and the goals of sentencing.

Mr. Kluge is a young man (26-years-old) who possesses a high school diploma and enjoys strong family support.  He has a minimal criminal history; prior to the current conduct, his adult convictions were positive only for a driving infraction and a drug possession offense.  He has worked in construction and been described by both a former customer and former colleague as hardworking.  Prior to his regrettable decisions, he had aspirations to serve in the United States Armed Forces.  Someone with Mr. Kluge's background has tremendous potential to be a law-abiding, committed, and working member of his community upon his release from incarceration.

As detailed in the plea agreement, Mr. Kluge will plead guilty to possessing a homemade silencer (a 5.5 inch cylinder wrapped in black electrical tape) that was not registered to him in the National Firearm Registration and Transfer Record.  The silencer was discovered in his bedroom during the execution of a state search and seizure warrant that was issued in connection with an ongoing investigation into a burglary of a church.  Mr. Kluge has accepted responsibility for that burglary by pleading guilty in Harford County Circuit Court Case No. C-12-CR-19-001283.  Mr. Kluge was sentenced to 14 years' incarceration with all but 18 months suspended and 4 years of probation. PSR ¶ 31.  Mr. Kluge will report to Harford County Detention Center for service of his state sentence on Friday, March 11.  He will be transported from state custody to federal court for his plea and anticipated sentencing a few days later.

While Mr. Kluge should not have possessed the unregistered silencer, the present offense is a technical one, stemming from the _unregistered_ nature of the silencer.  The present offense does not stem from Mr. Kluge's unlawful possession of the silencer because of his prior criminal convictions (which did not qualify him as a prohibited person) or actively using the device violently or for some nefarious purpose.  In recognition of the technical nature of the offense – and the fact that the state case and the present federal case are linked – the parties have reached the present agreement: a year and a day imprisonment concurrent with Mr. Kluge's state sentence, followed by the first 9 months of his release from incarceration on home detention.

The combined federal and state prison sentence is significant to someone who has never been sentenced to prison time before.  See PSR ¶¶ 29-30.  At 26 years old, Mr. Kluge will spend a significant period of time in a state facility – possibly locally at Harford County Detention Center (HCDC) – without the daily comforts of home and the presence of friends and family.  Currently, inmates detained at HCDC are allowed one social visit per week (on Saturday or Sunday) with a

United States v. Blaine Kluge, Criminal No. RDB-22-042
March 7, 2022 Letter to Judge Bennett
Page 3 of 4

limit of two visitors at a time.[1]  Counsel's understanding is that those visits are non-contact and occur through communication over a telephone.

Placing Mr. Kluge on home detention for the first 9 months of his release is an additional restriction on his liberty.  He will be permitted to leave his residence for only certain tailored reasons.  That lengthy period will ensure additional punishment and deterrence.  To afford him the best opportunity to transition back into the community (while still being punished), we request that Mr. Kluge be allowed the opportunity to work with the advanced approval of U.S. Pretrial and Probation Services.

With a lengthy period of 12.5 years of "back up time" hanging over his head in state court, Mr. Kluge will have every incentive to reintegrate successfully into the community during a 4-year period of state probation.  Given the significant punishment at stake in state court (12.5 years of back up time) and lengthy period of probation (4 years), we request that Mr. Kluge's federal supervision be limited to 1 year.

In addition to the prison term and further restriction on his liberty through home detention, the purposes of sentencing are served with the collateral consequences of a conviction.  These state and federal convictions will prohibit Mr. Kluge from possessing firearms, ammunition, silencers, etc. for the rest of his life.  To someone who grew up surrounded by firearms and had aspirations of serving in the military, a disqualifying conviction is a truly significant punishment in and of itself.  The same is true of Mr. Kluge's prior aspirations of serving in the armed forces.  Felony convictions will disqualify him from serving in the armed forces unless he is granted an exception. See 10 U.S.C. § 504.  These collateral consequences are in addition to others about which the Court is well aware, including potential obstacles or limitations placed on job opportunities.

## Conclusion

For these reasons, we ask the Court to impose the following:

- A prison sentence of 12 months and 1 day to run concurrent to the state sentence imposed in Case No. C-12-CR-19-001283 and that Mr. Kluge be designated to any state facility where he is serving the state sentence for service of his federal sentence.

- a 1-year period of supervised release with the first 9 months on home detention (specifically with permission to work as approved in advance by U.S. Pretrial and Probation Services);

- no fine;

---

[1] https://harfordsheriff.org/detention/visiting/ (last visited Mar. 5, 2022).

United States v. Blaine Kluge, Criminal No. RDB-22-042
March 7, 2022 Letter to Judge Bennett
Page 4 of 4

- no restitution; and

- forfeiture of a metal cylindrical device, wrapped in black electrical tape, approximately 5-3/8 inches in length and approximately 1 inch at its major diameter.

Sincerely,

/s/
Maggie Grace
Assistant Federal Public Defender


Cc:  AUSA Charles Austin
     AUSA Zach Stendig
     Natalie Vallandingham, U.S. Pretrial Services and Probation